■ In the Matter of Y & O HOLDINGS (NY), INC., Respondent, v BOARD OF MANAGERS OF EXECUTIVE PLAZA CONDOMINIUM et al., Appellants. [717 NYS2d 602] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about March 22, 2000, which, to the extent appealed from, in a proceeding pursuant to CPLR article 78, denied respondents-appellants' motion to dismiss the petition as against the individual respondent-appellants pursuant to CPLR 3211 (a) (7) and 7804 (g), unanimously affirmed, with costs.

We reject the argument of the individual respondents, board members of respondent Executive Plaza Condominium, that petitioner failed sufficiently to allege separate tortious conduct by each of them. Assuming the truth of the petition's material allegations and the reasonable inferences therefrom, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see, Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665), the petition adequately alleges that each individual respondent acted in bad faith by undertaking, in the absence of opposed board members, an expedited vote in favor of a resolution (Rule) broadly prohibiting occupancy by transients, which rule harmed petitioner's interests since petitioner had acquired its 40-plus units in the condominium for the purpose of renting them to short-term tenants. The petition further alleged that the individual board members, as unit owners, had been coerced to vote in favor of the Rule by threats from a nonparty managing agent that controlled approximately 65% of the condominium's units, that, if named board members did not vote to adopt the Rule, the nonparty managing agent would allow their personal units to go unrented, or unsold, resulting in potential financial loss to the board members. The petition also alleges: (1) that the challenged action by the Board was contrary to the condominium's by-laws regulating unit use; (2) that transient occupants had never been precluded by the board during the 10 years that petitioner had owned units in the condominium; and (3) that the timing of the new Rule, adopted just one month after petitioner had discontinued using the nonparty managing agent's services to oversee and manage units it owned at the subject condominium, as well as at other property sites, allegedly costing the nonparty managing agent approximately $350,000 in annual revenue, was suspect. These factual allegations adequately state claims for tortious conduct

by each individual respondent; each individual respondent is alleged to have breached his or her fiduciary duty to the condominium and its members by voting in conformity with nonparty managing agent's wishes to protect selfish interests at variance with the interests of the condominium as a whole (*cf.*, *Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324).

Finally, contrary to respondents-appellants' argument, petitioner need not commence a separate plenary action to seek the "incidental" damages it has alleged (*see*, CPLR 7806; *Anderson v County of Suffolk*, 97 AD2d 448). Concur—Rosenberger, J. P., Nardelli, Williams, Mazzarelli and Friedman, JJ.