Olcott v 308 Owners Corp. (2020 NY Slip Op 08006)





Olcott v 308 Owners Corp.


2020 NY Slip Op 08006


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 152644/15 Appeal No. 12730N Case No. 2020-01088 

[*1]James Bernard Olcott et al. Plaintiffs-Respondents,
v
308 Owners Corp., Defendant-Appellant.


Boyd Richards Parker & Colonnelli, P.L., New York (Gary S. Ehrlich of counsel), for appellant.
Smith Buss & Jacobs LLP, Yonkers (John J. Malley of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 25, 2019, which, inter alia, granted plaintiffs' motion for a preliminary injunction enjoining defendant from commencing a landlord-tenant proceeding to evict plaintiff James Bernard Olcott and his family from their apartment, from selling the shares of stock allocated to the apartment and owned by the estate of Bernard Olcott, and from issuing a new certificate of shares and new proprietary lease appurtenant to the apartment, unanimously affirmed, with costs.
The court providently exercised its discretion in granting plaintiffs' motion for a preliminary injunction as plaintiffs demonstrated a probability of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balancing of the equities in their favor (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]). The cooperative board's decision to deny the transfer application is subject to a heightened standard of reasonableness pursuant to paragraph 16(b) of the proprietary lease (see Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486, 488 [1st Dept 2016], affd 28 NY3d 1114 [2016]). Plaintiff James Olcott had been the building's resident for over 25 years and was current on the maintenance charges. Regardless of whether his income was closer to the lower amount the cooperative claims or the higher amount that plaintiff claims, the lower income appears sufficient to demonstrate that he was able to pay maintenance charges, especially in view of his undisputed history of payment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020