Matter of Kotler v 979 Corp. (2021 NY Slip Op 00801)





Matter of Kotler v 979 Corp.


2021 NY Slip Op 00801


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 653398/19 Appeal No. 13076 Case No. 2020-01089 

[*1]In the Matter of Stuart B. Kotler etc., Petitioner-Respondent-Appellant,
v
979 Corporation, Respondent-Appellant-Respondent.


Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for appellant- respondent.
Gallet Dreyer & Berkey, LLP, New York (David L. Berkey of counsel), for respondent-appellant.



Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered January 9, 2020, which, in this proceeding brought pursuant to CPLR article 78, denied the motion of respondent cooperative corporation (the Co-op) to dismiss the petition, and granted the petition to the extent of annulling and vacating the Co-op's refusal to approve the transfer of shares and proprietary lease allocated to the subject co-operative apartment from petitioner to decedent's daughter, ordered the Co-op to approve and effect the transfer of shares, ordered petitioner to pay the Co-op's reasonable legal and other expenses in connection with the transfer, awarded petitioner attorneys' fees incurred in this proceeding, and denied petitioner's request for damages, unanimously modified, on the law, to the extent of granting the petition to the extent of excluding the purported transfer fee from the amount of the Co-op's reasonable expenses to be paid by petitioner in connection with the transfer application, and awarding petitioner the damages caused by the Co-op's withholding of consent to the transfer, and remanding the matter to Supreme Court for further proceedings to establish the amount of petitioner's damages, and otherwise affirmed, without costs.
The governing proprietary lease directed that, if the lessee should die, then the Co-op's board's "consent shall not be unreasonably withheld to any assignment or transfer of this lease and the appurtenant stock by bequest or by assignment . . ., provided that such legatee or assignee shall be a financially responsible member of the Lessee's family." The lease's directive that "consent shall not be unreasonably withheld" triggers application of the "heightened standard of reasonableness" to be applied in lieu of the usual business judgment rule (Olcott v 308 Owners Corp., 189 AD3d 687 [1st Dept 2020]; see Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486, 488 [1st Dept 2016], affd 28 NY3d 1114 [2016]). The burden thus shifted to the Co-op to reasonably show that the proposed transferee, decedent's daughter, was not "financially responsible" (see Silver v Murray House Owners Corp., 126 AD3d 655 [1st Dept 2015]; Seven Park Ave. Corp. v Green, 277 AD2d 123 [1st Dept 2000], lv dismissed 96 NY2d 853 [2001]).
The Co-op did not meet this burden. The daughter produced financial statements and other documents showing assets of magnitude greater than the annual maintenance and other costs associated with the apartment, as well as annual income more than double those costs. Also unavailing is the Co-op's objection that the Estate relied on an unreasonably low appraised value of the apartment in its tax returns in order to minimize estate taxes. Documents submitted by petitioner show that the Estate reached an agreement with the Internal Revenue Service on the valuation, and the IRS indicated in writing that it had completed its review of the Estate's tax return. The Co-op provided no reasonable [*2]basis for rejecting this showing.
The Co-op had no lawful basis to demand a transfer fee, which is not provided for in the bylaws or the proprietary lease (see Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563 [1985]; Pello v 425 E. 50 Owners Corp., 19 Misc 3d 1125[A], 2008 NY Slip Op 50849[U] [Sup Ct, NY County 2008]).
Petitioner is entitled to damages caused by the Co-op's breach of the proprietary lease in unreasonably withholding consent to the transfer (see WG Three Assoc., LLC v Portofino Chelsea, LLC, 179 AD3d 604 [1st Dept 2020]). The measure of those damages is "the amounts paid after [owner] unreasonably withheld its consent to the assignment" (id. at 604). Those damages are properly recoverable as incidental to this CPLR article 78 proceeding (see CPLR 7806; Y & O Holdings [NY] v Board of Mgrs. of Exec. Plaza Condominium, 278 AD2d 173, 173-174 [1st Dept 2000]).
In light of the proprietary lease's provision for attorneys' fees, as the prevailing party, petitioner is entitled to a reciprocal award of attorneys' fees (see Real Property Law § 234; Estate of Del Terzo, 136 AD3d at 489-490).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021