## Barsky v Sherman Sq. Realty Corp.

2025 NY Slip Op 30139(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 651293/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                    PART                    **11M**

*Justice*

-------------------------------------------------------------------------------X

LEONA BARSKY

                        Plaintiff,

            - v -

SHERMAN SQUARE REALTY CORP.,

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651293/2024 |
| **MOTION DATE** | 12/17/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 73, 74, 75, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94

were read on this motion to/for _____INJUNCTION/RESTRAINING ORDER_____ .

Upon the foregoing documents, plaintiff's motion is granted.

## Background

The underlying suit concerns Leona Barsky's ("Plaintiff") dispute with her co-op Sherman Square Realty Corp. ("Defendant") over alleged leaks, mold, and lack of heating in her unit (the "Premises"). In an Order dated September 13, 2024, this Court granted a preliminary injunction and found that "plaintiff would likely be entitled to full injunctive relief based on the facts as this Court knows them at this time." Then in early December 2024, Defendant sent Plaintiff a notice of default (the "Default Notice") stating that Plaintiff had failed to pay maintenance, along with other charges such as late fees, steam trap violations, and the legal fees that Defendant has occurred so far in this proceeding. The parties dispute the validity and amount of the total fees allegedly owed. Plaintiff argues that they have withheld maintenance because they are owed a rent abatement under the terms of the proprietary lease due to the habitability issues, and Defendant argues that the proprietary lease does not allow for withholding maintenance fees in this circumstance.

651293/2024   BARSKY, LEONA vs. SHERMAN SQUARE REALTY CORP.                    Page 1 of 4
Motion No.  002

1 of 4

Plaintiff brings the present motion seeking a *Yellowstone* order temporarily staying Defendant from holding her in default of the proprietary lease agreement (the "Lease") in connection with unpaid maintenance fees or taking any action to enforce such a default during the pendency of this proceeding. Defendants oppose, arguing that that there is "no real risk to Plaintiff" because she could cure her default under RPAPL § 753(4), that the period to cure under the Default Notice had expired when the present motion was brought, and that the proper forum for this dispute is Housing Court.

**Standard**

A *Yellowstone* injunction requires that the moving party make a showing that "(1) it holds a commercial lease; (2) it received from the landlord either a notice of default, a notice to cure, or a threat of the termination of the lease; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises." *Graubard Mollen Horowitz Pomeranz & Shapiro v. 600 Third Ave. Assocs.*, 93 N.Y.2d 508, 514 (1999). A *Yellowstone* injunction can be issued to stay termination of a residential proprietary lease, particularly when RPAPL § 753(4) is not available. *Stolz v. 111 Tenants Corp.*, 3 A.D.3d 421, 422 (1st Dept. 2004).

**Discussion**

For the reasons that follow, Plaintiff has met their burden for a *Yellowstone* injunction.

*The Present Motion Was Timely Brought*

According to the Default Notice, the expiration of the cure period was December 17, 2024. Plaintiff brought the present motion on December 17, 2024. Defendants argue that this makes the present motion untimely, and Plaintiff contends that they requested injunctive relief

**651293/2024   BARSKY, LEONA vs. SHERMAN SQUARE REALTY CORP.**          **Page 2 of 4**
    **Motion No.  002**

prior to the termination of the lease and within the cure period. Here, Plaintiff sought injunctive relief within the period given in the Default Notice, and the present motion is timely.

*RPAPL § 753(4) is not Available Here*

Defendant argues that there is no real risk to Plaintiff, because RPAPL § 753(4) would allow Plaintiff to cure a default after an adverse court decision and therefore a *Yellowstone* injunction is not needed. But risk to the moving party is not a factor in a *Yellowstone* injunction analysis. Furthermore, when risk is considered, such as a request for a preliminary injunction, eviction can satisfy the irreparable injury element. *See Olcott v. 308 Owners Corp.*, 189 A.D.3d 687, 687 (1st Dept. 2020). This Court already found that the threatened termination of Plaintiff's lease satisfies this element of a preliminary injunction request in the September 13 Order, and conditions have not changed the risk of harm to Plaintiff attendant on the termination of the proprietary lease. Furthermore, RPAPL § 753(4) is a form of protection to tenants given after there is a final judgment of possession, and here there has been no such judgment.

*Plaintiff Has Satisfied the Yellowstone Injunction Requirements*

As discussed above, Plaintiff satisfies the first three elements of a *Yellowstone* injunction. The final requirement is that Plaintiff show that it is prepared and able to cure the alleged defect. Here, Plaintiff has attested to that in her sworn affidavit. Additionally, Plaintiff agreed in an oral hearing on January 13, 2024, to set aside the amount of maintenance due from June to December 2024 in escrow (an amount of $48,865.27) and to continue putting the monthly maintenance fees in escrow pending resolution of these issues. Therefore, Plaintiff has shown an entitlement to the requested relief. The Court has considered the Defendant's other arguments and found them unavailing. Accordingly, it is hereby

**651293/2024   BARSKY, LEONA vs. SHERMAN SQUARE REALTY CORP.**                    **Page 3 of 4**
  **Motion No.  002**

ADJUDGED that plaintiff's application seeking a *Yellowstone* injunction is granted; and it is further

ORDERED that defendant, its affiliates, agents, attorneys, employees, and anyone acting on its behalf or under its control are enjoined from taking further steps to terminate or purport to terminate Plaintiff's proprietary lease, commence a holdover summary proceeding, or otherwise regain possession of the Premises; and it is further

ORDERED that defendant, its agents, attorneys, employees, and anyone action on its behalf or under its control is enjoined from taking any steps to regain or wrongfully interfere with Plaintiff's possession of the Premises; and it is further

ORDERED that within 15 days of the date of this order, plaintiff shall deposit the sum of $48,865.27 to be held in escrow pending the resolution of this proceeding; and it is further

ORDERED that during the pendency of this proceeding, beginning in January 2025, plaintiff shall deposit the monthly maintenance fee into said escrow account on the date such amount is due or within 7 days thereafter.

20250113143146LFRANK2E7A29A43D7A4DCCA910A410B8ED1CD8

| **1/13/2025** | | **LYLE E. FRANK, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651293/2024   BARSKY, LEONA vs. SHERMAN SQUARE REALTY CORP.**
**Motion No.  002**

Page 4 of 4

[* 4]