Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 19, 2012, which granted defendant’s motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the breach of contract and common-law indemnification causes of action, and otherwise affirmed, without costs.
Plaintiff alleges that it contracted with defendant for payroll services, that defendant materially breached the contracts by violating California law in providing the payroll services, and that as a result of the breach plaintiff suffered damages, i.e., it paid a substantial sum to settle a class action brought against it by its employees in California. These allegations are “sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of [the breach of contract] cause of action” (CPLR 3013; see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). The three boilerplate order forms submitted by defendant fail to establish a defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Even if plaintiffs predecessor had been a party to a contract based on one of those order forms, which plaintiffs executive denies, that would not necessarily “utterly refute[ ]” (id.) plaintiffs allegation that the parties entered into an agreement as described in the complaint and the executive’s affidavit.
By voluntarily agreeing to the court-approved settlement of the class action in California, plaintiff waived its entitlement to seek contribution from defendant (see General Obligations Law § 15-108 [c]; Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 645-646 [1988]). However, plaintiff is not barred from seeking *570 common-law indemnification from defendant for defendant’s alleged “fault in bringing about the injury,” i.e., for issuing paychecks to plaintiff’s employees on a New Jersey bank account, in violation of California Labor Code § 212 (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011]). Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.