■ BOARD OF MANAGERS OF THE SOUTH STAR, Respondent, v WSA EQUITIES, LLC, et al., Appellants, et al., Defendants. [30 NYS3d 876]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 23, 2014, which, to the extent appealed from, denied defendants WSA Equities, LLC, 80 John Condominium, LLC, Fredric Oliver, Carol Achenbaum, William Achenbaum, and Michael Achenbaum (the sponsor defendants) and WSA Management, Ltd.'s motion to dismiss the first cause of action (breach of contract) as against WSA Equities and 80 John, the second cause of action (fraud) as against the sponsor defendants, and the eighth cause of action (breach of contract) as against WSA Management, unanimously modified, on the law, to grant the motion as to so much of the second cause of action as is based on omissions (as opposed to affirmative misrepresentations), and otherwise affirmed, without costs.

The Martin Act (General Business Law § 352-c) does not bar a common-law breach of contract claim (*885 W.E. Residents Corp. v Coronet Props. Co.*, 220 AD2d 305 [1st Dept 1995]).

To the extent the fraud claim is based on omissions in the offering plan (e.g. paragraph 121 of the complaint), it is barred by the Martin Act (*see e.g. Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236 [2009]). However, to the extent it is based on defendants' affirmative misrepresentations (e.g. paragraphs 122 and 125 of the complaint), it is not so barred (*see e.g. Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 18 NY3d 341, 353 [2011]).

The fraud claim is not duplicative of the first cause of action (*see e.g. Wyle Inc. v ITT Corp.*, 130 AD3d 438, 440 [1st Dept 2015]).

The motion court correctly sustained the fraud claim as against the individual defendants. "[A] corporate officer who participates in the commission of a tort may be held individually liable . . . regardless of whether the corporate veil is pierced" (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 558 [1st Dept 2009] [internal quotation marks omitted]).

The eighth cause of action sufficiently pleads breach of contract (*see Mee Direct, LLC v Automatic Data Processing, Inc.*, 102 AD3d 569 [1st Dept 2013]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.