Board of Mgrs. of the Walton Condominium v 264 H2O Borrower, LLC (2020 NY Slip Op 01395)





Board of Mgrs. of the Walton Condominium v 264 H2O Borrower, LLC


2020 NY Slip Op 01395


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11152 650852/17

[*1] Board of Managers of the Walton Condominium, Plaintiff-Respondent,
v
264 H2O Borrower, LLC, Defendant, Robert Quaco, et al., Defendants-Appellants.


Milber Makris Plousadis & Seiden, LLP, Woodbury (Patrick F. Palladino of counsel), for appellants.
Law Offices of Fred L. Seeman, New York (Peter Kirwin of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about January 29, 2018, which, insofar as appealed from as limited by the briefs, denied defendants Robert Quaco and David Levine's motion to dismiss the fraud claim as against them pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
Contrary to defendants' contention, the fraud cause of action is based on affirmative misrepresentations, not omissions. Therefore, the motion court correctly found that it was not barred by the Martin Act (see Board of Mgrs. of the S. Star v WSA Equities, LLC, 140 AD3d 405 [1st Dept 2016]). The court also correctly found that defendants, who are principals of the sponsor, and who signed the certification in the offering plan, could be held liable (see id.; see also State of New York v Sonifer Realty Corp., 212 AD2d 366, 367 [1st Dept 1995]).
Although the complaint does not specify the source of its on-information-and-belief allegations (see DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443 [1st Dept 2010]), plaintiff remedied this defect in opposition to defendants' motion to dismiss (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).
It is true, as defendants point out, that the document submitted by plaintiff shows only that they had knowledge of leaks in December of 2013, five months after they signed the certification. However, the facts as pleaded and as amplified by documents submitted in opposition to the motion are "sufficient to permit a reasonable inference of the alleged conduct," especially as discovery may reveal that defendants knew about the defects in the roof earlier than December 2013 (see generally
Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK