180 Life Sciences Corp. v Tyche Capital LLC (2023 NY Slip Op 02376)

180 Life Sciences Corp. v Tyche Capital LLC

2023 NY Slip Op 02376

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 652502/21 Appeal No. 180 Case No. 2023-00165 

[*1]180 Life Sciences Corp., Plaintiff-Respondent,
v
Tyche Capital LLC, Defendant-Appellant.
Tyche Capital LLC, Third-Party Plaintiff-Appellant,
v
Sir Marc Feldmann et al., Third-Party Defendants.

Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for appellant.
Darger Errante Yavitz & Blau, LLP, New York (Jonathan B. Kromberg of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 9, 2023, which, to the extent appealed from, denied defendant Tyche Capital LLC's motion to vacate or modify an underlying order of attachment dated November 23, 2021, unanimously affirmed, with costs.
In this case, there has been no showing that the attachment order was illegally or improperly issued (see Henry Stuart [Fabrics] v Jules Moskowitz & Co., 44 AD2d 798 [1st Dept 1974]), or that the court otherwise improvidently exercised its discretion in issuing the attachment order or in denying the motion to vacate (see VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 59 [1st Dept 2013]).
Plaintiff has conclusively established that there was an imminent risk that defendant would liquidate the escrowed founder shares and remove the proceeds from New York absent an attachment, thus rendering defendant judgment-proof. Plaintiff has also established a likelihood of success on the merits (see Deutsche Anlagen-Leasing GMBH v Kuehl, 111 AD2d 69, 71 [1st Dept 1985]). The guarantee at issue was "absolute" and required defendant to guarantee that there would be at least $5,000,0001 in "Net Tangible Assets" at closing. It is undisputed that this condition was not met. The court properly held that the issue of whether plaintiff waived its right to invoke the guarantee cannot be definitively resolved at this stage of the proceedings.
Defendant also fails to provide adequate support for its alternative argument that the court should have modified the attachment order to provide for a larger undertaking. Defendant seeks to increase the bond from $50,000 to $3 million based solely on the fact that plaintiff's stock price has declined, which it claims has resulted in millions of dollars in losses. The court did not improvidently exercise its discretion in refusing to increase the amount of the undertaking, as the bond was based upon a careful consideration of the evidence and plaintiff's likelihood of success on its claims
(see e.g. 7th Sense v Liu, 220 AD2d 215, 217 [1st Dept 1995]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023