Board of Mgrs. of 570 Broome Condominium v Soho Broome Condos LLC (2024 NY Slip Op 04804)

Board of Mgrs. of 570 Broome Condominium v Soho Broome Condos LLC

2024 NY Slip Op 04804

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 650950/23 Appeal No. 2681 Case No. 2023-05814 

[*1]Board of Managers of 570 Broome Condominium, Plaintiff-Respondent,
v
Soho Broome Condos LLC, et al., Defendants-Appellants.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Jared E. Paioff of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about June 29, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the claims for fraud in the inducement and breach of fiduciary duty asserted against the individual defendants, unanimously affirmed, with costs.
The motion court correctly denied dismissal of plaintiff condominium board of managers' fraud in the inducement claim against the individual defendants. Plaintiff alleged specific "affirmative misrepresentations, not omissions," by defendants, "who are principals of the sponsor, and who signed the certification in the offering plan" (Board of Mgrs. of the Walton Condominium v 264 H2O Borrower, LLC, 180 AD3d 622, 622 [1st Dept 2020]). Contrary to defendants' contention, the allegations set forth a scheme independent of the Martin Act disclosure requirements (see Board of Mgrs. of the S. Star v WSA Equities, LLC, 140 AD3d 405, 405 [1st Dept 2016]). In addition, the allegations do not require piercing the corporate veil, as they are based on the affirmative misrepresentations by the individual defendants concerning the accuracy of the common charges and operating budget, which plaintiff asserts defendants knew to be false at the time.
The court also correctly sustained plaintiff's breach of fiduciary duty claim against the individual defendants as members of the sponsor-controlled board. The complaint sufficiently alleges wrongdoing by the individual defendants in the form of self-dealing and willful misconduct, which were not actions "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes," but rather solely for defendants' benefit (Tahari v 860 Fifth Ave. Corp., 214 AD3d 491, 492 [1st Dept 2023] [internal quotation marks omitted]; see also Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 325 [2d Dept 1993]). The complaint specifically alleges that rather than incrementally raise common charges to meet the condominium's budget needs, the individual defendants directed the managing agent not to pay Con Edison bills, ignored the independent auditor's warnings of a budget shortfall, refused to meet the staffing costs, used condominium monies to cover sponsor obligations, and intentionally set the common charges unreasonably low for no business related purpose but for the sponsor's and the individual defendants' sole benefit. Plaintiff's claims are further supported by the allegation that the sponsor-controlled board raised the common charges and imposed a special assessment to pay for past due obligations only after the final sponsor-owned unit was in contract.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024