| Board of Mgrs. of 45 E. 22nd St. Condominium v 45 E. 22nd St. Prop. LLC |
|:---:|
| 2025 NY Slip Op 30444(U) |
| February 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652530/2023 |
| Judge: James d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __Hon. James d'Auguste_____     PART 55

_Justice_

-----------------------------------------------------------------------X

| | |
|---|---|
| BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM, | INDEX NO.    652530/2023 |
| | MOTION DATE   _____ |
| Plaintiff, | |
| - v - | MOTION SEQ. NO.   002 003 004 005 006 |
| 45 EAST 22ND STREET PROPERTY LLC, IAN BRUCE EICHNER, THE CONTINUUM COMPANY, MADISON REALTY CAPITAL, L.P., 45 EAST 22ND STREET 1 LLC, HILL WEST ARCHITECTS, LLP | **DECISION + ORDER ON MOTION** |
| Defendants. | |

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 65, 66, 67, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269

were read on this motion to/for     __PREL INJUNCTION/TEMP REST ORDR_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 108, 157, 174, 175, 176, 177, 178, 179, 182, 184, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222

were read on this motion to/for     __DISMISSAL_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 158, 183, 210, 241, 242

were read on this motion to/for     __DISMISS_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 159, 160, 161, 162, 163, 164, 180, 236, 237, 238, 239, 240, 244, 248, 249, 252

were read on this motion to/for     __DISMISSAL_____ .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 165, 166, 167, 168, 169, 170, 171, 172, 173, 181, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 245, 246, 247, 250, 251, 253, 254, 255

were read on this motion to/for     __DISMISSAL_____ .

Upon the foregoing documents, it is

Motion Sequences 002, 003, 004, 005, and 006 are consolidated for disposition.

In Motion Sequence 002, plaintiff Board of Managers of 45 East 22nd Street Condominium a/k/a The Madison Square Park Tower ("Board of Managers") move for a preliminary injunction, seeking to restrain 45 East 22nd Street Property LLC, Ian Bruce Eichner, the Continuum Company LLC, Madison Realty Capital, L.P., and 45 East 22nd Street 1 LLC (collectively, "Distribution Defendants") from using, distributing, removing, transferring, pledging, or disposing of any proceeds of the sale of Unit 52AB pending determination of plaintiff's claims in this action. In the alternative, plaintiff moves pursuant to DCL § 276 seeking to attach the sum of $9,420,180 from the proceeds of the sale of Unit 52AB pending determination of plaintiff's claims. Madison Realty Capital, L.P. and 45 East 22nd Street 1 LLC (lender and collectively "Madison Defendants"); Ian Bruce Eichner and The Continuum Company LLC (developer); and 45 E 22nd Street Property LLC ("Sponsor") oppose the motion. On July 28, 2023, the Court ordered the parties to place the proceeds of the sale of Unit 52AB into escrow pending resolution of this motion – except for fees owed to the sales agent and outside broker, legal fees, RMU overage, transfer taxes, and recording fees. Further, the Court invited the parties to file supplemental submissions to expand on arguments originally raised in the motion seeking an injunction. In Motion Sequence 003, the Madison Defendants move to dismiss the amended complaint. In Motion Sequence 004, Hill West Architects LLP f/k/a Goldstein Hill & West Architects, LLP ("Hill West") moves to dismiss the amended complaint. In Motion Sequence 005, defendant Eichner moves to dismiss the third and sixth causes of action. In Motion Sequence 006, Sponsor moves to dismiss the first, second, third, and sixth causes of action. Plaintiff opposes the respective motions to dismiss. The motions are resolved as follows.

652530/2023  BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM vs. 45 EAST 22ND STREET PROPERTY LLC ET AL
Motion No.  002 003 004 005 006

Page 2 of 6

Plaintiff Board of Managers claims that the subject building, located at 45 East 22nd Street ("subject building"), contains numerous deficiencies, defects, and deviations from the Condominium Offering Plan ("Offering Plan") that requires at least $9 million in remedial work – both to bring the building up to code and to conform with other provisions of the Offering Plan. NYSCEF Doc. No. 22, at p.2. Despite the required remediation, plaintiff alleges that the sponsor, developer, and Madison defendants orchestrated a scheme to strip the sponsor, a single purpose entity controlled by the developer, of assets and render it insolvent while repaying the developer and other equity investors. Therefore, plaintiff believes that the unit owners of the subject building will have no recourse to recover for the building's allegedly defective manufacture and design. Unit 52AB was one of the remaining units owned by the sponsor, and the Court ordered the proceeds of the sale to be placed in escrow pending resolution of this action – in which the plaintiff seeks damages from the various defendants for the alleged defects. For this reason, the plaintiff seeks a preliminary injunction on distribution of the sale proceeds in escrow, as these funds are the remaining asset from which plaintiff can recover.

Plaintiff has met its burden for a preliminary injunction. Plaintiff has demonstrated its likelihood of success on the merits by presenting a *prima facie* case against the various defendants for both primary categories of the causes of action – breach of contract and fraudulent conveyances/voidable transactions. In the Offering Plan, the sponsor is required to "construct the Building in accordance with all applicable Laws and codes and Department of Buildings ('DOB') Plans and Specifications as well as the provisions of the Plan" and "correct, repair or replace all defects in the construction of the Building and its appurtenances and the Units, or in the installation or operation of any appliances, fixtures or equipment in the same . . . if such defects are due to improper workmanship or material substantially at variance with the Plans and

652530/2023 BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM vs. 45 EAST 22ND STREET PROPERTY LLC ET AL
Motion No. 002 003 004 005 006

Page 3 of 6

3 of 6

[* 3]

Specifications." NYSCEF Doc. No. 32, at pp. xii, 95. Plaintiff has submitted extensive supporting evidence of defects and deviations in violation of the Offering Plan. In addition, as detailed in paragraphs 134-175 of the amended complaint (NYSCEF Doc. No. 30), plaintiff has presented a timeline of transactions that establish a *prima facie* case for fraudulent conveyances to repay preferred investors while rendering the sponsor insolvent in the face of increasingly apparent financial obligations. Although defendants highlight that, as a general matter, a plaintiff cannot show irreparable harm to warrant a preliminary injunction if a plaintiff can be compensated through money damages, an exception applies if the Court finds that the purpose of the injunction is to prevent defendants from improperly transferring assets to make ultimate recovery impossible. *See* Winchester Glob. Tr. Co. Ltd. v Donovan, 58 AD3d 833, 834 [2d Dept 2009]. This exception applies in the present action, as one of plaintiff's core claims is the defendants engaged in a scheme to pay themselves back while rendering the sponsor judgment-proof. As the funds have been secured in escrow, the balance of the equities remains in plaintiff's favor. Defendants seek immediate distribution of the funds from escrow, which would leave plaintiff with limited avenues for redress against the sponsor (essentially *de minimis* assets that the sponsor still owns) in the event of a final determination of defendants' liability.

As analyzed *supra*, defendants have not demonstrated their entitlement to dismissal of the action. Plaintiff has sufficiently plead the various causes of action against each defendant. In Motion Sequence 004, Hill West, a defendant that is not subject to the preliminary injunction motion, moves to dismiss the action against them. Hill West was the architect of the subject building; plaintiff has sufficiently plead that they could be liable to plaintiff if the building was improperly designed and in violation of applicable building codes. In addition, despite Hill West's contentions that the Martin Act bars the action against them, fraud claims based on

**652530/2023  BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM vs. 45 EAST 22ND STREET PROPERTY LLC ET AL**
**Motion No.  002 003 004 005 006**

**Page 4 of 6**

4 of 6

alleged affirmative misrepresentations in the Offering Plan are not barred. Bd. of Managers of S. Star v WSA Equities, LLC, 140 AD3d 405 [1st Dept 2016]. Therefore, the motions to dismiss are denied.

Accordingly, it appearing to this Court that a cause of action exists in favor of the plaintiff and against the defendants and that the plaintiff is entitled to a preliminary injunction on the ground that the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff, as set forth in the aforesaid decision, it is

ORDERED that the undertaking is fixed in the sum of $500,000.00 to be posted within 30 days of this order and conditioned that the plaintiff, if it is finally determined that it was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of this injunction; and it is further,

ORDERED that defendants, their agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendant, are enjoined and restrained, during the pendency of this action, from doing or suffering to be done, directly or through any attorney, agent, servant, employee or other person under the supervision or control of defendant or otherwise, any of the following act: distributing the funds placed into escrow following the sale of Unit 52AB in the building located at 45 East 22nd Street per the order of this Court dated July 28, 2023 (NYSCEF Doc. No. 94) absent further order of this Court, and it is further,

ORDERED that the motions to dismiss (Motion Sequence 003, 004, 005, and 006) are denied, and it is further,

**652530/2023   BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM vs. 45 EAST 22ND STREET PROPERTY LLC ET AL**
**Motion No.  002 003 004 005 006**

**Page 5 of 6**

5 of 6

ORDERED that the parties are hereby directed to appear for a preliminary conference in Part 55 on March 5, 2025 with a 10:00am check-in.

The constitutes the decision and order of the Court.

| 2/4/2025 | | | |
|----------|--|--|--|
| **DATE** | | **James d'Auguste, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X NON-FINAL DISPOSITION | |
|------------|--|--------------|------------------------|--|
| | | GRANTED | ☐ DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652530/2023  BOARD OF MANAGERS OF 45 EAST 22ND STREET CONDOMINIUM vs. 45 EAST 22ND STREET PROPERTY LLC ET AL**
**Motion No.  002 003 004 005 006**

**Page 6 of 6**

[* 6]

6 of 6