Board of Mgrs. of 45 E. 22nd St. Condominium v 45 E. 22nd St. Prop. LLC (2026 NY Slip Op 01123)

Board of Mgrs. of 45 E. 22nd St. Condominium v 45 E. 22nd St. Prop. LLC

2026 NY Slip Op 01123

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, González, Rodriguez, JJ. 

Index No. 652530/23|Appeal No. 5932|Case No. 2025-01066|

[*1]Board of Managers of 45 East 22nd Street Condominium, Plaintiff-Respondent,
v45 East 22nd Street Property LLC et al., Defendants-Respondents, Ian Bruce Eichner et al., Defendants-Appellants.

Kriss & Feuerstein, LLP, New York (Daniel N. Zinman of counsel), for Madison Realty Capital, L.P. and 45 East 22nd Street 1 LLC, appellants.
Boyd Richards Parker & Colonnelli, P.L., New York (Nicholas P. Iannuzzi of counsel), for Ian Bruce Eichner, appellant.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York (Michael S. Beck of counsel), for Board of Managers of 45 East 22nd Street Condominium, respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered on or about February 5, 2025, which, to the extent appealed from, granted plaintiff Board of Managers of 45 East 22nd Street Condominium's motion for a preliminary injunction or order of attachment to the extent of prohibiting defendants from distributing from escrow the proceeds of the sale of unit 52AB in the building located at 45 East 22nd Street, New York, New York, pending further order of the court, and denied the motion of defendants Madison Realty Capital, L.P. and 45 East 22nd Street 1 LLC (together, the Madison Defendants) pursuant to CPLR 3211(a)(1) and (7) to dismiss the sixth cause of action in the amended complaint as against them, sounding in fraudulent conveyance, and the motion of defendant Ian Bruce Eichner pursuant to CPLR 3211(a)(7) to dismiss the third cause of action as against him sounding in fraudulent inducement and the sixth cause of action as against him, unanimously affirmed, with costs.
The court properly denied dismissal of the fraudulent inducement claim against Eichner, the principal of the sponsor of the subject condominium building. The amended complaint alleged that he knew of the building's need for repairs, including its purportedly systematic lack of firestopping and other safety and construction defects which sponsor was obligated to repair, but nevertheless directed the sponsor to affirmatively certify in the offering plan that the building was free from defects and was not in need of repairs, and swore to the truth of the sponsor's representations in the sponsor's certification (see Board of Mgrs. of the Walton Condominium v 264 H2O Borrower, LLC, 180 AD3d 622, 622 [1st Dept 2020]). This was "sufficient to permit a reasonable inference of the alleged conduct, especially as discovery may reveal that defendants knew about the defects" (id. at 623 [internal quotation marks omitted]). Further, notwithstanding the requirement to plead fraud claims with particularity (CPLR 3016[b]), the claim against Eichner was not impaired by allegations that were made on information and belief where the facts underlying the allegations were within Eichner's exclusive knowledge (see Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]). In addition, Eichner can be held liable for the alleged fraud without recourse to piercing the corporate veil, so long as plaintiff can establish that he personally participated in it (see Board of Mgrs. of the S. Star v WSA Equities, LLC, 140 AD3d 405, 405 [1st Dept 2016]).
The fraudulent conveyance claims were also properly sustained as against the Madison Defendants and Eichner. Contrary to those defendants' contentions, the allegations based on information and belief were alleged to be not only within their exclusive knowledge, but also reasonably inferred from the documents and the timing of the transactions (see 477 Realty, L.L.C. v Wing Soho, LLC, 234 AD3d 469, 471 [1st Dept 2025]). Furthermore, plaintiff alleged a violation of former Debtor and Creditor Law §§ 273 and 275, insofar as the sponsor obtained a mortgage from the Madison Defendants at a time when the sponsor and Eichner were at risk of defaulting in their obligations to their investors, to whom Eichner had given his personal guarantee (see e.g. American Media, Inc. v Bainbridge & Knight Labs., LLC, 135 AD3d 477, 478 [1st Dept 2016]). The amended complaint further alleged that the sponsor and Eichner used the loan proceeds, secured by the units, to pay off their investors, while the Madison Defendants operated as insiders of the sponsor by standing in its shoes and controlling its actions so as to divest the sponsor of assets without reasonably equivalent consideration credited against the mortgage. These allegations sufficiently alleged that the sponsor, through its principal, incurred an obligation designed to render the sponsor insolvent and unable to pay its debts under former Debtor and Creditor Law §§ 273 and 275. The transfers of the units to the Madison Defendants, allegedly without receiving adequate consideration and leaving the sponsor undercapitalized, support the allegations under current Debtor and Creditor Law §§ 273(a) and 274. The allegations also sufficiently satisfy several "badges of fraud" to warrant discovery (Debtor and Creditor Law § 273[b][1], [5], [9], [10], and [11]).
Although the Madison Defendants contend that the mortgage was an ordinary, arm's length transaction, the allegations, if established, may support a finding that the loan was used to perpetrate a fraud (see Debtor and Creditor Law § 274[b] ["A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent"]; see also 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 606 [1st Dept 2024]). The Madison Defendants further contend that the allegations against them are lacking; however, plaintiff produced some evidence that Madison employees had involved themselves in the minutiae of the sponsor's unit sales, which could support a finding that they were acting as an affiliate and insider of the sponsor (Debtor and Creditor Law §§ 270[a][4] and [h][4]).
Finally, the motion court properly exercised its discretion in awarding plaintiff a preliminary injunction for the purpose of precluding the distribution or transfer of sale proceeds from the final sponsor-owned unit (see CPLR 6212; 6301; Debtor and Creditor Law § 276 [a][3][i]), Although money damages generally do not constitute irreparable harm, plaintiff established its entitlement to injunctive relief by establishing a likelihood of success and an imminent risk that the sponsor would be rendered insolvent (see 180 Life Sciences Corp. v Tyche Capital LLC, 216 AD3d 419, 420 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026