■ 85 FIFTH AVE. 4TH FLOOR, LLC, Appellant, v I.A. SELIG, LLC, et al., Respondents, et al., Defendants. [845 NYS2d 274]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 10, 2006, which denied plaintiff's motion for a preliminary injunction, vacated a temporary restraining order, and granted motions by defendants to dismiss the complaint, unanimously modified, on the law, to reinstate the first, fourth and sixth causes of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 26, 2007, which, insofar as appealable, denied plaintiff's motion to renew, unanimously dismissed as academic, without costs.

Plaintiff purchaser alleges that the board, of which defendant seller's principal was a member, rejected plaintiff's application to purchase the subject cooperative unit and contemporaneously amended the cooperative's bylaws to provide for the possibility of a residential conversion that would increase the market value of the unit. This states a cause of action against the seller for breach of contract based on a violation of the covenant of good faith and fair dealing, and we accordingly reinstate the first cause of action (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; cf. Matter of Y & O Holdings [NY] v Board of Mgrs. of Exec. Plaza Condominium, 278 AD2d 173, 174 [2000]). However, as the implied duty arises from the contract, there is no reason to reinstate the separately pleaded cause of action for breach of the implied duty.

Plaintiff does not, however, have a cause of action for breach of contract against the cooperative. That plaintiff, who alleges that the board unreasonably withheld its consent to the sale in breach of the lease, is not a third-party beneficiary of the lease with standing to assert such a breach is clear from the lease itself, which permits only a seller to bring an action challenging

the withholding of consent (and then only a declaratory judgment action, not a breach of contract action), as well as from case law (*see Woo v Irving Tenants Corp.*, 276 AD2d 380 [2000]). However, we reject the arguments of the individual board members that the fourth cause of action for tortious interference with contract should be dismissed on the ground that plaintiffs' contract with the seller was not breached and because the actions alleged to have interfered with the contract were specifically contemplated by the contract. We note that although the complaint does not allege that the board member defendants intentionally procured the seller's breach (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 425 [1996]), no contention was made on the motion to dismiss or on this appeal that this cause of action is defective for this reason, and we will not dismiss it nostra sponte on this ground (*see Roland Pietropaoli Trucking v Nationwide Mut. Ins. Co.*, 100 AD2d 680, 680-681 [1984]). Restatement of the first and fourth causes of action entails reinstatement of the sixth cause of action for an injunction directing the seller and the board to transfer the shares and proprietary lease. Whether the business judgment rule will protect the board's members cannot be decided at this juncture (*cf. Pelton v 77 Park Ave. Condominium*, 38 AD3d 1, 10 [2006]). Plaintiff's fifth cause of action was properly dismissed since New York does not recognize civil conspiracy as an independent cause of action (*Steier v Schreiber*, 25 AD3d 519 [2006]). Concur—Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ. [*See* 14 Misc 3d 1219(A), 2006 NY Slip Op 52542(U).]