■ ARNICK SINGH et al., Appellants, v TURTLE BAY TOWERS CORP., Respondent. [905 NYS2d 22]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 12, 2009, which denied plaintiffs' application for an injunction prohibiting defendant from issuing or transferring the shares of stock and proprietary lease to the subject apartment to anyone other than plaintiffs and to stay any proceedings by defendant to issue, transfer, and affect the stock shares and proprietary lease of said unit, unanimously affirmed, with costs.

Plaintiffs' request for injunctive relief was properly denied, as they have not demonstrated that there is a cause of action under which they have a likelihood of success on the merits. Defendant exercised its right of first refusal to deny plaintiff Navpreet Singh's purchase application, and there is no question that plaintiffs were aware of the valid, enforceable right of first refusal and that they agreed to be bound by it (*see e.g. Anderson v 50 E. 72nd St. Condominium*, 119 AD2d 73 [1986], *appeal dismissed* 69 NY2d 743 [1987]). Furthermore, the record shows that the decision to deny the purchase application was based upon the determination that the purchase price for the subject unit was significantly below market value (*see 40 W. 67th St. v Pullman*, 100 NY2d 147 [2003]; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]).

We have considered plaintiffs' remaining arguments, including that the exercise of the right of first refusal was a pretext for discriminating against them, and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Catterson, JJ.