THORNER HARRIS, Appellant, v SEWARD PARK HOUSING CORPORATION et al., Respondents. [913 NYS2d 161]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 14, 2009, which, to the extent it denied renewal and adhered on reargument to so much of a prior ruling as granted defendants' motion to dismiss the first cause of action, unanimously affirmed insofar as appealable, and the appeal is otherwise dismissed, without costs.

Plaintiff did not appeal the order of June 19, 2009, which dismissed his complaint, nor did he make a motion during the statutory 30 days for such relief (CPLR 2221 [d]). Despite recognizing the untimeliness of the motion, the court granted reargument with regard to the first cause of action for breach of contract, relying on *Liss v Trans Auto Sys.* (68 NY2d 15, 20 [1986]), and adhered to its prior ruling. In *Liss*, the Court of Appeals held that "regardless of statutory time limits concerning motions to reargue, every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action." Nevertheless, since the underlying order of June 19 had finally determined this action by dismissing the complaint, the matter was no longer pending and the court lacked the authority to consider the untimely request for reargument (*see Johnson v Incorporated Vil. of Freeport*, 303 AD2d 640 [2003]; *Sainphor v Hurtt*, 302 AD2d 511 [2003]), thus requiring dismissal of the present appeal to that extent.

Even were we to consider the merits of plaintiff's challenge to the dismissal of his claim for breach of contract, it is clear that he has no such viable cause of action. The elements of such a claim include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages (*see Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478 [2007]). There never was any enforceable agreement between these parties, but merely an application by plaintiff to purchase one of the apartments in defendant cooperative, which certainly had a right to insist—as a condition precedent to the contract—on the approval of the application by its board of directors. Defendant cooperative had a legitimate business interest in procuring the highest possible price for the sale of its units (*see Singh v Turtle Bay Towers Corp.*, 74 AD3d 568 [2010]), and plaintiff, as a mere contract vendee of shares rather than a shareholder, did not have a cause of action for breach of contract against the cooperative (*see 85 Fifth Ave. 4th Floor, LLC v I.A. Selig, LLC*, 45 AD3d 349 [2007]; *Aridas v 244 E. 60th St. Owners Corp.*, 292 AD2d 325 [2002]).

Finally, the motion court correctly determined that plaintiff was not entitled to renewal. (*See* CPLR 2221 [e].) Concur—Tom, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.