Markov v Katt (2019 NY Slip Op 07006)





Markov v Katt


2019 NY Slip Op 07006


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9940 156493/15

[*1]Dmitry Markov, Plaintiff-Appellant-Respondent,
v
Malcolm Katt, Defendant-Respondent-Appellant.


Law Office of Jorge Sorote, New York, (Jorge Sorote of counsel), for appellant-respondent.
Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about April 2, 2018, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint, denied plaintiff's cross motion for summary judgment on his complaint, granted plaintiff/counterclaim defendant's cross motion for summary judgment dismissing the counterclaim, and denied defendant/counterclaim plaintiff's motion for summary judgment on his counterclaim, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's unjust enrichment claim because such a cause of action "is not available where it simply duplicates, or replaces, a conventional contract ... claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). It is beyond dispute that defendant Katt breached the parties' settlement agreement by suing plaintiff Markov in a prior action.
Pursuant to Paramount Pictures Corp. v Allianz Risk Transfer AG (141 AD3d 464, 467 [1st Dept 2016], affd 31 NY3d 64 [2018]), the court should not have found Markov's contract claim barred by res judicata. Markov was not required to bring a counterclaim for Katt's breach of the settlement agreement in the prior action (see CPLR 3109).
However, on the merits, and based on the arguments made by the parties, the court properly dismissed the contract claim. The elements of such a claim are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). While the first three elements are undisputed, the damages resulting from Katt's breach of the settlement agreement are the attorneys' fees that Markov incurred in the prior lawsuit. However, one may not collect such fees unless they are clearly authorized by contract (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). The parties' settlement agreement did not provide that Katt would pay Markov's attorneys' fees if Katt breached the contract by suing Markov.
On appeal, Markov no longer seeks the attorneys' fees he incurred in the prior action; instead, he seeks the return of the $100,000 he paid Katt. However, that money does not constitute damages resulting from Katt's lawsuit against Markov.
In light of the above disposition, Katt's argument that Markov should be judicially estopped from seeking the return of the $100,000 is academic.
The motion court properly rejected Katt's argument that Markov's demand for $100,000 [*2]is tantamount to rescission of the settlement agreement. CPLR 3004, on which Katt relies, is inapplicable, as he failed to establish fraud, misrepresentation, mistake, duress, infancy, or incompetency (see Netherby Ltd. v G.V. Trademark Invs., 261 AD2d 160, 161 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK