Reiter Resources, Inc. v Gilmartin (2019 NY Slip Op 07737)





Reiter Resources, Inc. v Gilmartin


2019 NY Slip Op 07737


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10226 652797/17

[*1] Reiter Resources, Inc. doing business as Professional Accounting Sales, Plaintiff-Respondent,
v
Richard Gilmartin Defendant-Appellant.


La Reddola, Lester & Associates, LLP, Garden City (Steven M. Lester of counsel), for appellant.
Moulinos & Associates LLC, New York (Peter Moulinos of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered November 9, 2018, awarding plaintiff the principal sum of $52,500, plus interest, and bringing up for review an order, same court and Justice, entered September 27, 2018, which granted plaintiff's motion for summary judgment on its breach of contract cause of action, unanimously affirmed, with costs.
Plaintiff established prima facie entitlement to summary judgment on its breach of contract claim against defendant by showing the existence of a contract entitling it to 10% of the purchase price of the sale of defendant's business, plaintiff's performance thereunder, defendant's breach, and the resulting damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Plaintiff showed that it procured a buyer, who ultimately purchased defendant's accounting business at a cost of $625,000, and that defendant paid only $10,000 of the $62,500 owed to plaintiff, resulting in damages of $52,500.
In opposition, defendant failed to raise a triable issue of fact (see Licata v Cuzzi, 161 AD3d 844 [2d Dept 2018]). Defendant did not establish that the contract contemplated a setoff in the event that defendant's subsequent, unrelated purchase of a residential property in California failed to proceed as a result of delays in the sale of his business. Furthermore, the Purchase Agreement between defendant and the buyer of his business stated only that the closing would take place "on or about October 31, 2016," suggesting that timeliness was not a critical term in the contract.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK