In re Saks Inc. Shareholder Litigation, Plaintiff,

against
XXX, Defendant.


652724/2013

For plaintiffs, Benjamin Kaufman, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Ave., NY NY 10016; Daniel Tepoer and Eduard Korsinky, Levi & Korsinky LLP, 55 Broadway, 10th Fl., NY NY 10006; Stanley David Bernstein and. Joseph R. Seidman, Bernstein Liebhard LLP, 10 E 40th St., NY NY 10016; Christopher James Kupka, Fields Kupka & Shukurov LLP, 1370 Broadway, 5th Fl., NY NY 10018; and Elizabeth Susan Metcalf and Peter George Safirstein, Safirstein Metcalf LLP, 350 Fifth Avenue, 59th Floor, NY NY 10118. 
For defendants, Ben Germana, Charles Pattengill Griffin and William Savitt Wachtell, Lipton, Rosen & Katz, 51 W 52nd St., NY NY 10019; and Katherine Brennan, Alexander Lopez, Alan Goudiss, and Samuel Polsky Vitello, Shearman & Sterling LLP, 599 Lexington Ave, NY NY 10022.


Andrew Borrok, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 230 were read on this motion to/for DISMISS
Upon the foregoing documents, Samuel T. Cohen, Thomas H. Jennings, Robert Oliver, Joshua Teitelbaum, Jack and Wanda Oliver, and Sharon Golding (collectively, the Plaintiffs)'s motion to dismiss the Counterclaim (hereinafter defined) and Fifteenth Defense (hereinafter defined) of defendants Fabiola Arredondo, Robert B. Carter, Michael S. Gross, Donald E. Hess, Marguerite W. Kondracke, Jerry W. Levin, Nora McAniff, Stephen I. Sadove, and Jack L. Stahl (collectively, the Director Defendants) pursuant to CPLR §§ 3211 (a)(6), 3211 (a)(7), and 3211 (b) is granted.
The Relevant Facts and Circumstances
This action arises from Hudson's Bay Company (HBC)'s acquisition of all of the outstanding shares of Saks Incorporated (Saks) pursuant to a US$16.00 per share all-cash merger transaction valued at approximately US$2.9 billion (NYSCEF Doc. No. 208, ¶ 8). After the merger was announced on July 29, 2013, the Plaintiffs commenced this shareholder class action on August 2, 2013 on behalf of holders of common stock in Saks alleging, among other things, that the Director Defendants breached their fiduciary duties by failing to take steps to maximize the value of Saks for its public shareholders.
On October 21, 2013, the parties reached an agreement in principle to settle the action pursuant to a memorandum of understanding, which provided, in part, that the parties would enter into a definitive settlement stipulation for court approval and that the proposed settlement would be conditioned on items, including completion of confirmatory discovery, class certification, and final approval by the court after notice to Saks shareholders (id. ¶ 27). 
Following the merger subsequently closing on November 4, 2013 (id. ¶ 31), the parties proceeded with confirmatory discovery in November 2013, during which time the Plaintiffs confirmed that the Saks board had not commissioned a new appraisal of the flagship store at 611 Fifth Avenue (the Flagship) in connection with the merger (id. ¶¶ 34-37).
The parties entered into a Stipulation of Settlement (NYSCEF Doc. No. 190, the Settlement), dated October 22, 2014, which set out certain conditions for a settlement to take effect. The Settlement provided, among other things, (i) that claims would be fully released against the Director Defendants on the latest of certain settlement conditions, including the court's approval (id. ¶¶ 9, 10, 15), (ii) for a stay of all proceedings other than settlement-related proceedings (id. ¶¶ 26, 27) and (iii) that the parties agreed "to cooperate fully in seeking Court approval of the Settlement" (id. ¶ 32). 
On October 22, 2014, the Plaintiffs moved for a hearing on class certification and approval of the class action settlement (see Mtn. Seq. 002). However, in late November 2014, a number of news outlets reported that a group of banks, including Goldman Sachs, commissioned a new appraisal of the Flagship that purported to value it at over $3 billion (NYSCEF Doc. No. 208, ¶ 52). As a result, the court permitted the Plaintiffs to withdraw their motion to approve the class notice (NYSCEF Doc. No. 27) and the Plaintiffs moved to compel additional discovery regarding the Flagship appraisal (NYSCEF Doc. No. 208, ¶ 56).
On October 18, 2016, the Plaintiffs moved for leave to file a Second Amended Complaint (SAC), which incorporated allegations that the Plaintiffs only learned of the Flagship's true valuation in November 2014, the Director Defendants breached their fiduciary duties by failing to account for the Flagship's value and maximize shareholder value during the merger, and that Goldman Sachs aided and abetted these breaches (id. ¶ 58). The Director Defendants cross-moved to enforce the Settlement.
In a decision and order (NYSCEF Doc. No. 131, the 2017 Decision), dated July 27, 2017, the court (Ramos, J.) (i) denied the Plaintiffs' motion to amend because the Plaintiffs did not demonstrate any fraud to rescind the Settlement, the proposed pleading was devoid of merit due to speculation, and that such claims were released under the Settlement, and (ii) otherwise denied without prejudice the cross-motion to enforce the Settlement (id.). 
The Plaintiffs appealed, and in a decision (the First Department Decision), entered February 14, 2019, the First Department unanimously modified the 2017 Decision to grant the motion to amend (i.e., except as to allegations that the Saks defendants breached their duty of loyalty) and otherwise affirmed the 2017 Decision. As relevant to the instant motion, the First Department wrote:
While plaintiffs' promise to support the stipulation and cooperate in seeking court approval is not an unenforceable statement of intention to do something in the future, it is nonetheless unenforceable. Plaintiffs and their counsel owe fiduciary duties to absent class members and thus cannot be required to support a settlement that is contrary to the best interests of those class members.
(Cohen v Saks Inc., 169 AD3d 515 [1st Dept 2019]; NYSCEF Doc. No. 200 [internal citations omitted]).
Subsequently, the Plaintiffs filed the Second Amended Complaint (the SAC) on March 8, 2019 and the Director Defendants filed their Answer with Counterclaims on July 18, 2019 asserting a counterclaim for "reneging on the Final Settlement Agreement executed in this Action more than four years ago on October 22, 2014" (NYSCEF Doc. No. 165, at 25, the Counterclaim) and a fifteenth defense that the "Plaintiffs are barred from asserting the claims alleged in the Complaint by the Stipulation of Settlement dated October 22, 2014" (id. at 24, the Fifteenth Defense).
The Defendants also moved to reargue the Appeal, or in the alternative, to seek leave to appeal to the Court of Appeals. By order, dated June 18, 2019 (NYSCEF Doc. No. 203), the First Department denied this motion. On August 16, 2019, the Plaintiffs filed this motion to dismiss the Counterclaim and the Fifteenth Defense.
Discussion
On a motion to dismiss, the pleadings are afforded a liberal construction and the facts as alleged are accepted as true (Leon v Martinez, 84 NY2d 83, 87 [1994]). Pursuant to CPLR § 3211 (a)(6), a counterclaim may be dismissed if it may not properly be interposed in the action. Dismissal under CPLR § 3211 (a)(7) requires the court to assess whether the proponent of the pleading has a cause of action and not whether he has stated one (id.). CPLR § 3211 (b) permits the dismissal of a defense on the basis that the defense is not stated or has no merit.
A. The Law of the Case Bars the Counterclaim
An appellate court's resolution of an issue on a prior appeal becomes the law of the case and such determination is binding on the trial court (Bd. of Mgrs. of the 25 Charles St. Condominium v Seligson, 106 AD3d 130, 135 [1st Dept 2013]). The Plaintiffs argue that the Counterclaim must be dismissed as improper based on "the law of the case." In their opposition papers, the Director Defendants argue that the law of the case doctrine does not bar their Counterclaim because their Counterclaim was not adjudicated in front of the First Department, and neither this court nor the First Department reached the "factual issue" as to whether the Settlement was in the best interests of the absent putative class members. The argument fails. 
As discussed supra, the First Department held that the Plaintiffs did not have an obligation to enforce the Settlement and obtain court approval because class counsel came to the view that the Settlement was no longer in the best interests of the class. Accordingly, their fiduciary duties both to the existing class and the absent putative class members was to reject the Settlement. [*2]This is the law of the case and the gravamen of the ruling of the First Department. Accordingly, the Counterclaim must be dismissed.
B. The Counterclaim Also Fails Under CPLR § 3211 (a)(7)
The Plaintiffs also argue that the Counterclaim must be dismissed because the First Department held that the Settlement is unenforceable and therefore the Director Defendants cannot establish the "existence of a contract" and because unenforceable contracts cannot be breached. In their opposition papers, the Director Defendants argue that each of the elements of a breach of contract claim are pled: (i) the Settlement is a contract, (ii) the Director Defendants argue that the Plaintiffs were obligated to obtain court approval of the Settlement, (iii) which obligation the Plaintiffs breached, and (iv) resulted in damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). 
Put another way, the Director Defendants argue that dismissal at this stage of their Counterclaim is inappropriate because their allegations must be taken as true, and performance was excused only if the Settlement was contrary to the best interests of the class. In other words, in their view, the Plaintiffs had a good deal and they should have stuck to it. If the Settlement was in the best interests of the class, and no court decided this issue, the Director Defendants argue that the Plaintiffs were in breach of the Settlement. Although clever, this nuanced attempt at satellite litigation fails. 
The Director Defendants cannot invade the purview of the court in protecting the absent members of the putative class throughout the approval of the settlement process. The court's role in this area is sacrosanct. Simply put, the "agreement to cooperate fully in seeking Court approval" clause was never intended to provide a basis to lock the Plaintiffs into a position that has now become untenable — i.e., an obligation to cooperate in obtaining approval of a settlement that they believe violates their fiduciary duties. The purpose of this clause is to impose an obligation on the Plaintiffs to address any objections raised by class members which otherwise would frustrate a settlement of a putative class action — i.e., not to push forward in violation of their fiduciary duties to the present and absent class member with a settlement that the Plaintiffs, based on later learned information, have determined to not be in the best interests of the class. 
In addition, the central issue is not the Settlement, or whether the Plaintiffs in carrying out their fiduciary duties to the present and absent putative class member came to the wrong conclusion about whether the Settlement was in their best interests. Rather, the central issue is whether the Director Defendants breached their fiduciary duties in failing to maximize shareholder value. Accordingly, the Counterclaim also fails under CPLR 3211 § (a)(7).
C. The Fifteenth Defense Also Fails Under CPLR § 3211 (b)
For the reasons set forth above, the Settlement does not bar the Plaintiffs from asserting their claims in the SAC and the Fifteenth Defense must also be dismissed.
Accordingly, it is
ORDERED that the Plaintiffs' motion to dismiss the Counterclaim and Fifteenth Defense is granted.
Dated: March 26, 2020