Carlin v William Gottlieb Mgt. Co., LLC (2023 NY Slip Op 00051)

Carlin v William Gottlieb Mgt. Co., LLC

2023 NY Slip Op 00051

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 655906/18 Appeal No. 17042-17043 Case No. 2022-03203, 2022-03207 

[*1]Allan H. Carlin, Plaintiff-Respondent,
v
William Gottlieb Management Co., LLC, Defendant-Appellant.

Eisenberg & Baum, LLP, New York (Eric M. Baum of counsel), for appellant.
Allan H. Carlin, Willow, respondent pro se.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered February 24, 2022, in favor of plaintiff and against defendant in the total amount of $708,581.90, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 16, 2022, which granted plaintiff's motion for summary judgment on his claim that defendant breached the parties' engagement letter dated September 18, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff demonstrated prima facie entitlement to judgment as a matter of law by submitting evidence that in September 2014 defendant real estate company retained him pursuant to a written general retainer agreement requiring him to be available for at least 20 hours per week, that he performed thereunder, and that defendant breached the agreement by failing to pay him the agreed monthly fee starting in August 2018 and then terminating him in October 2018 without providing the required 90 days' notice of termination (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Among other things, plaintiff submitted his daily reports showing work performed, ledger entries, and testimony concerning his availability and work, and defendant's payment at the agreed rate through July 2018.
In response, defendant failed to submit evidence in admissible form sufficient to raise any issue of fact, but only vague and conclusory complaints about plaintiff's unavailability when its principal called him (see Stonehill Capital Mgt., LLC v Bank of the W., 28 NY3d 439, 448 [2016]). Two of defendant's executives designated as witnesses on behalf of defendant testified that they were unaware of any evidence to support the claim that plaintiff was available for less than 20 hours per week.
The retainer arrangement was neither procedurally nor substantively unconscionable, as the sophisticated client fully understood the simple arrangement and performed pursuant to it for several years, and it will be enforced as written "[a]bsent incompetence, deception or overreaching" (see Matter of Lawrence, 24 NY3d 320, 337, 339 [2014]). As to the enforceability of the retainer's 90-day notice provision, the retainer agreement is not a "special nonrefundable retainer fee," which would limit plaintiff to quantum meruit recovery (see Matter of Cooperman, 83 NY2d 465 [1994]), but a general retainer given in exchange for plaintiff's agreement to be generally available to provide services to defendant, which does not present the potential for overreaching (Atkins & O'Brien v ISS Intl. Serv. Sys., 252 AD2d 446, 448 [1st Dept 1998]). Nor did defendant submit evidence sufficient to raise an issue of fact as to
whether plaintiff ever agreed to its unilateral reduction of his monthly retainer fee.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: January 10, 2023