Saunders v Foschi (2025 NY Slip Op 02048)

Saunders v Foschi

2025 NY Slip Op 02048

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Index No. 652163/23|Appeal No. 4056|Case No. 2024-03516|

[*1]John W. Saunders, Plaintiff-Appellant,
v
Sandra Foschi, et al., Defendants-Respondents.

Pryor Cashman LLP, New York (Joseph S. Jacobs of counsel), for appellant.
Charter Williams, P.C., Brooklyn (Charter Williams of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered May 15, 2024, which to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his cause of action for breach of contract, unanimously reversed, on the law, with costs, and the motion granted.
In 2018 the parties entered into a representation agreement under which plaintiff served as defendants' representative in connection with the purchase of a radio station. The representation agreement contains a provision permitting a party to recover costs, including reasonable attorneys' fees, if required to take legal action to enforce its terms. The purchase of the radio station was completed in late 2018, but defendants did not pay plaintiff his full commission under the agreement.
In February 2019, plaintiff commenced an action seeking payment of his commission as well as attorneys' fees and costs incurred in connection with his enforcement of the representation agreement. This Court affirmed a summary judgment award in plaintiff's favor for the commission fee, as well as attorneys' fees and costs accrued through April 30, 2020 (see Saunders v Foschi, 209 AD3d 512, 512 [1st Dept 2022], lv denied 39 NY3d 1068 [2023]). Defendants, however, failed to pay any of the fees and costs awarded to plaintiff. Plaintiff then commenced this action to recover attorneys' fees, costs, and expenses accrued from and after May 1, 2020, as provided for by the representation agreement.
Supreme Court should not have denied plaintiff's motion for summary judgment on his breach of contract cause of action. Plaintiff established his prima facie entitlement to summary judgment by submitting the judgment in his favor against defendants from the prior action, as well as an affirmation from counsel attesting to the professional services provided to plaintiff from May 1, 2020, and invoices for legal fees in connection with enforcing the representation agreement for this period.
In opposition, defendants failed to raise a triable issue of fact. Both res judicata and collateral estoppel bar defendants from arguing that plaintiff is not entitled to the commission he sought under the representation agreement. Defendants raised these same arguments in the prior action, which were explicitly rejected by this Court on appeal (see Saunders, 209 AD3d at 512; see also O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Defendants failed to demonstrate that any new evidence in support of these arguments was not reasonably discoverable during the prior action or that they otherwise did not have a full and fair opportunity to litigate the issues raised (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
Even if defendants' arguments were not so barred, they fail to proffer evidence in admissible form sufficient to rebut plaintiff's prima facie showing that he is entitled to the additional attorneys' fees and costs sought under the representation [*2]agreement (see Saunders v Foschi, 209 AD3d at 512; see also Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025