| |
|:---:|
| **Belzberg v Leonidov** |
| 2026 NY Slip Op 30638(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 656024/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**  PART  11M

*Justice*

----------------------------------------------------------------------X

SIDNEY BELZBERG, SIDNEY BELZBERG,

                        Plaintiff,

- v -

VAS LEONIDOV, RESOLVX HEALTH, JOHN FAZZIO,
FAZZIO LAW OFFICES, ABC LLC,XYZ, CORP., JOHN
DOE, JANE DOE

                        Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656024/2025 |
| MOTION DATE | 12/05/2025, 12/05/2025 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 107, 117, 119, 141, 143, 146, 147, 148, 150

were read on this motion to/for                DISMISS                .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 108, 118, 120, 142, 144, 149, 151

were read on this motion to/for                DISMISS                .

Upon the foregoing documents, motions 004 and 005 are granted in part.

## Background

These motions arise out of a bitter dispute among the shareholders and officers in an animal supplement company, Delaware corporation Virogex Inc. Virgoex was formed in September of 2020 by Sidney Belzberg and his wife. Plaintiff alleges that all shares in Virogex were issued to the Belzbergs and their relations. Defendants claim that it was defendant Val Leonidov who registered the company, and that he was named as President, Secretary, and Treasurer. At this time, the parties resided in New York. In early 2021, Leonidov was introduced by Belzberg to John Fazzio, Esq., in relation to an eviction proceeding. Fazzio was retained both by Leonidov in the landlord-tenant proceeding, and by Belzberg as legal counsel for Virogex, according to Plaintiff's allegations. Defendants dispute this, and Fazzio alleges that it was

656024/2025  BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL
Motion No. 004 005

Page 1 of 10

[* 1]

actually the Margolis Law Firm that was retained by the Belzbergs to represent them in a foreclosure action, with Fazzio assisting as of-counsel.

*Business Breakup*

In 2025, Belzberg and Leonidov began to have a serious disagreement over the management and direction of Virogex. Plaintiff alleges that Leonidov, as aided by Fazzio, attempted in various ways to sabotage Virogex and steal its assets in order to assist with a rival animal supplement company founded by Leonidov, defendant ResolvX. This included the purported improper dissolution of Virogex by Leonidov, the liquidation of its assets, and an online "smear campaign."

Procedural History

Belzberg filed this instant proceeding in October of 2025 via summons with notice, acting both individually and derivatively on behalf of Virogex. Defendants appeared and made a demand for a complaint. The first complaint was filed on November 24, 2025, and Defendants moved shortly thereafter in motion sequence 004 to dismiss as to defendants Vas Leonidov and ResolvX Health, and as against defendants John P. Fazzio and Fazzio Law Offices in motion sequence 005. An amended complaint was then filed by Plaintiff on December 24, 2025, pleading twenty-six causes of action. While Defendants have not responded to the amended complaint, Fazzio represented at oral argument held on February 11, 2026, that the supplemental papers submitted arguing for dismissal of the first complaint are to be applied in response to the amended complaint.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true

656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL
Motion No.  004 005

Page 2 of 10

[* 2]

and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994]. CPLR § 3211(a)(3) states that a motion to dismiss can be brought when "the party asserting the cause of action has not legal capacity to sue."

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

Defendants move to dismiss the complaint on the following grounds: 1) that the Court lacks jurisdiction over defendant Vas Leonidov and ReolvX Health (the "Business Defendants"); 2) that Belzberg lacks standing to bring a derivative suit on behalf of Virogex; and 3) that various causes of action fail to state a valid claim or otherwise fail as a matter of law. Plaintiff opposes the motions. For the reasons that follow, the first cause of action is dismissed as against

656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL          Page 3 of 10
Motion No.  004 005

3 of 10

[* 3]

defendants John Fazzio and Fazzio Law Office, and the second, fourteenth, and sixteen through twenty-six causes of action are dismissed in their entirety.

*Jurisdictional Standard of Review and Burden*

As an initial matter, Defendants argue that there is no personal jurisdiction over the Business Defendants, on the grounds that the events starting with the business breakup were centered on New Hampshire. ResolvX is a New Hampshire company and Leonidov lives in New Hampshire. Defendants argue that Plaintiff has not alleged facts that would give this Court jurisdiction over the Business Defendants. In opposition, Plaintiff argues that he has adequately pled business transactions in New York and New York-directed conduct. Specifically, they have alleged that there were defamatory communications intentionally disseminated into New York and that the diversion of business and misuse of corporate assets were directed at New York.

Under CPLR § 3211(a)(8), a defendant may move to dismiss based on a lack of personal jurisdiction. When opposing such a motion, the plaintiff "has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate that jurisdiction over the defendants is warranted." *Bangladesh Bank v. Rizal Commercial Banking Corp.*, 226 A.D.3d 60, 73 – 74 [1st Dept. 2024]. But a "plaintiff need only make a sufficient start in demonstrating the existence of personal jurisdiction in responding to defendants' motion." *Id*. New York's long-arm statute, CPLR § 302, creates personal jurisdiction in subsection (a)(1) over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." Further subsections grant personal jurisdiction for those who commit tortious acts either within the state or without the state but that causes injury to a person or property within the state, although there is an exception to this rule for defamation. CPLR § 302(a)(2), (3).

**656024/2025  BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**          **Page 4 of 10**
   **Motion No.  004 005**

4 of 10

*There Has Not Been a Sufficient Start in Showing Business Activities Jurisdiction Under CPLR § 302(a)(1)*

To the extent that Plaintiff argues that there is personal jurisdiction over the business defendants because Virogex was originally formed in New York, that argument fails. The Court of Appeals has held that "[t]he CPLR 302(a)(1) jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions." *Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 323 [2016]. Here, the claims arise from actions taken after Leonidov moved to New Hampshire.

Plaintiffs also argue that "the diversion of business, misuse of corporate assets, and defamatory communications" were directed to New York. But the facts as alleged in the amended complaint do not seem to have a New York connection other than the statement that Plaintiff resides in New York. For instance, it is alleged that Virogex assets were seized, but it has never been stated where those assets were being held. It appears that, as of the time that the behavior occurred that Plaintiff's claims arise out of, Virogex was being operated by Leonidov out of New Hampshire. Plaintiff has not alleged any New York transaction or business dealing aimed at New York, in either the amended complaint or in any affidavit submitted in opposition to the motion to dismiss on jurisdictional grounds. Therefore, Plaintiff has failed to make a sufficient start in establishing jurisdiction over the Business Defendants under CPLR § 302(a)(1).

*Tortious Conduct Jurisdiction Exists Under CPLR § 302(a)(3)(ii)*

Plaintiff argues that there has been a sufficient pleading of tortious conduct that would give rise to jurisdiction under CPLR § 302(a)(3)(ii). This provision applies when a defendant

commits a tortious act (other than defamation of character) outside the state that causes injury within the state, "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Plaintiff has alleged tortious conduct including unfair competition, conversion, and breach of fiduciary duty aimed at Belzberg in New York. While Defendants are correct in arguing that defamation is not covered under this provision, the other tortious conduct alleged by Plaintiff is covered. Therefore, personal jurisdiction over the Business Defendants exists under CPLR § 302(a)(3)(ii).

*Plaintiff's Derivative Standing Fails for Lack of Pleading Demand Futility with Particularity*

As explained above, Plaintiff brings this proceeding both in his personal capacity and derivatively on behalf of Virogex. The derivative claims are pled in the alternative to the direct personal injury claims. Defendants move to dismiss the derivative claims on the basis that Belzberg lacks derivative standing. Generally, a failure to "plead demand futility with the requisite particularity" necessitates dismissal of derivative claims. *Yudell v. Gilbert*, 99 A.D.3d 108, 115 [1st Dept. 2012]. Here, the amended complaint simply states in a conclusory fashion that "to the extent that Leonidov claims he is or was an officer of Virogex and/or has/had ownership interest in Virogex, demand futility exists." This is not sufficient to plead demand futility. The standard as set forth by the Court of Appeals is that "[d]emand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" which occurs in three circumstances. *Bansback v. Zinn*, 1 N.Y.3d 1, 9 [2003]. Here, the amended complaint is vague and unclear as to who the Virogex board of directors even are, let alone whether a demand on them to bring this suit would be futile because the facts fall under one of the three futility circumstances. For that reason, dismissal of the derivative claims, causes of action sixteen through twenty-six, for failure to plead demand futility is proper.

**656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**                    **Page 6 of 10**
   **Motion No.  004 005**

6 of 10

[* 6]

*The Breach of Fiduciary Duty Claim Is Validly Pled but Duplicative of the Twelfth*

Plaintiff has a claim for breach of fiduciary duty against Leonidov and the Legal Defendants (John Fazzio and the Fazzio Law Firm) based on the theory that they schemed to seize Virogex assets from Belzberg and the other shareholders. Defendants move to dismiss this claim on the ground that Plaintiff fails to plead with specificity the alleged fiduciary misconduct. But Plaintiff has alleged that Virogex cash assets were transferred away, and their product inventory seized and resold through ResolvX. These allegations are specific enough to plead a valid claim for breach of fiduciary duty. Defendants also move to dismiss this claim as pled against the Legal Defendants on the grounds that there was no fiduciary relationship between the Legal Defendants and Virogex or Belzberg. They admit that the Legal Defendants had been retained by Leonidov to address an issue with one of Virogex's vendors in January of 2025, but argue that this was a limited engagement. The Legal Defendants were also involved in the disputes between the parties in April of 2025, in a role that Plaintiff describes as participating in the harassment of Belzberg and that Defendants describe as a neutral mediator. At its heart, the matter of whether the Legal Defendants owed a fiduciary duty to Plaintiff at the time of the conduct alleged is a matter of disputed fact, and dismissal of that claim at this time would be premature.

Defendants also argue that this claim should be dismissed as against the Legal Defendants because it is duplicative of the legal malpractice claim in the twelfth cause of action. The general rule is that when a claim for breach of fiduciary duty is based on the same facts as a claim for legal malpractice, the claims are duplicative. *See, e.g., Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1, 10 [1st Dept. 2008]. Here, both claims are premised on the same set of facts going to the alleged scheme to strip Virogex of assets.

**656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL**
**Motion No. 004 005**

Page 7 of 10

7 of 10

[* 7]

Therefore, this claim is duplicative of the legal malpractice claim and should be dismissed as against the Legal Defendants on that basis.

*The Breach of Contract Claim Fails to Allege Material Terms of the Agreement*

Plaintiff's second cause of action is for breach of contract related to an agreement between Leonidov and Virogex. Defendants have moved to dismiss this claim for failure to identify what agreement was breached and what the terms of that agreement were. On the standard of a motion to dismiss, a claim for breach of contract must allege "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages." *Harris v. Seward Park Hous. Corp.*, 79 A.D.3d 425, 426 [1st Dept. 2010]. Plaintiff has not identified the agreement with any specificity beyond a statement that "[s]aid agreement provided the duties and obligations of Leonidov with respect to his involvement with Virogex." While the complaint does allege in a conclusory fashion that there was "a valid agreement", it fails to allege any facts that indicate what the terms of that agreement were, or how it was breached. Even on the generous standards of a motion to dismiss, such vague and conclusory allegations are insufficient to support a claim for breach of contract. *See, e.g., Kanthan v. Tagstone Tech., LLC*, 224 A.D.3d 593, 594 [1st Dept. 2024] (granting dismissal of claim that did not allege any of the material terms of the agreement). Therefore, dismissal of the second cause of action is proper.

*The Conversion Cause of Action Is Validly Pled*

Plaintiff's seventh cause of action is for conversion, alleging that Leonidov and ResolvX converted Virogex assets for their own use. Defendants move to dismiss this claim on the grounds that Leonidov had valid authority over the bank account when the funds were transferred and that the funds were not transferred for improper purposes. But not only did

656024/2025  BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL        Page 8 of 10
Motion No.  004 005

8 of 10

[* 8]

Plaintiff allege conversion of various other assets, including vehicles, customer lists, and product inventory, the issue of what the bank account funds were used for is an area of disputed fact, and all inferences must be drawn in Plaintiff's favor at this stage. Therefore, dismissal of this claim would be premature.

*Defamation is Validly Pled*

Plaintiff's tenth cause of action is for defamation, related to comments made online by Leonidov about Belzberg, his wife, and Virogex. Defendants move to dismiss this claim on the grounds that it fails to satisfy the particularized pleading standard. Under CPLR §3016(a), for a defamation claim "the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." Plaintiff attached a variety of the online posts as an exhibit to the complaint and has alleged that examples include the statement that "customers should only support ResolvX, referring to Virogex's product as being fake", and posts that the "VIREX website is STOLEN & YOU Are Being SCAMMED." Between the facts alleged in the complaint and the attached posts, Plaintiff has sufficiently pled the particular words complained of in satisfaction of the CPLR § 3016 requirements. To the extent that Defendants argue that Leonidov's statements are not false statements of fact, such an argument would require factual and credibility determinations and therefore is insufficient to meet the standard for a pre-answer motion to dismiss.

*The Human Rights Law Claim Fails to State a Claim*

Plaintiff's fourteenth cause of action is for a violation of the New York Human Rights Law, based on Defendants alleged attempt to use Plaintiff's immigration status as leverage to convince him to drop these claims. Defendants move to dismiss this claim on the grounds that even if true, this claim would not constitute discriminatory denial of employment, housing,

**656024/2025 BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL** **Page 9 of 10**
**Motion No. 004 005**

9 of 10

services, or credit, and therefore this cause of action fails to state a claim. The New York State Human Rights Law applies to unlawful discriminatory practices by employers, licensing agencies, labor organizations, owners of places of public accommodation, landlords, real estate agents, educational facilities, and so on. NY CLS Exec. § 296. Plaintiff does not cite to, nor is the Court aware of, any case law suggesting that an attempt by a soon-to-be opposing party to use a person's immigration status as leverage to constitute an unlawful discriminatory practice within the ambit of the New York Human Rights Law. It might be distasteful, but it does not appear to be a violation of the Human Rights Law. Therefore, dismissal of this claim for failure to allege a cause of action is proper. Accordingly, it is hereby

ADJUDGED that motions sequence 004 and motion sequence 005 are granted in part; and it is further

ADJUDGED that the first cause of action in the amended complaint is dismissed as against defendants John Fazzio and Fazzio Law Office only, and the second, fourteenth, and sixteen through twenty-six causes of action in the amended complaint are dismissed in their entirety; and it is further

ORDERED that defendants are directed to serve an answer to the amended complaint within 20 days after service of a copy of this order with notice of entry.

20260219172111LFRANK6D342716F2FD40ED9CECF53516271C44

| | |
|---|---|
| **2/19/2026** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656024/2025   BELZBERG, SIDNEY ET ANO vs. LEONIDOV, VAS ET AL
Motion No.  004 005

Page 10 of 10