| **Awe Inc. v Anjac Enters. Inc.** |
|:---:|
| 2026 NY Slip Op 30714(U) |
| February 27, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652543/2020 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. LORI S. SATTLER__           PART           02M

*Justice*

---------------------------------------------------------------------------------X

AWE INCORPORATED,

|  | |
|---|---|
| INDEX NO. | 652543/2020 |
| MOTION DATE | 03/31/2025 |
| MOTION SEQ. NO. | 002 |

                 Plaintiff,

- v -

ANJAC ENTERPRISES INC.,GREGORY SHMULEVICH,
HUDSON INSURANCE COMPANY

## DECISION + ORDER ON MOTION

                 Defendant.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 2, 10, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for          __JUDGMENT - SUMMARY__ .

In this commercial action, Plaintiff Awe Incorporated ("Plaintiff") moves for summary judgment on its claims and dismissal of the counterclaims asserted by Defendants Anjac Enterprises Inc. ("Anjac") and Gregory Shmulevich ("Shmulevich"). Defendants Anjac, Shmulevich and Hudson Insurance Company ("HIC") oppose the motion.

Anjac is a general contracting firm working on municipal construction projects (NYSCEF Doc. No. 60, Berg's Affirmation ¶ 7). Shmulevich is Anjac's employee, working as a project manager and engineer (Berg's Affirmation ¶ 1). Anjac was hired by non-party New York State Office of General Services ("NYSOGS") to perform construction work in three Psychiatric Centers: Creedmoor, Manhattan, and Kingsboro. Plaintiff was Anjac's subcontractor on all three projects, based on three separate subcontract agreements entered into between September 2018 and April 2019 (NYSCEF Doc. No. 43, Creedmoor Subcontract; NYSCEF Doc. No. 45, Manhattan Subcontract; NYSCEF Doc. No. 47, Kingsboro Subcontract). Each of these Subcontracts provided for progress payments based on approved performance and payments by

[* 1]

NYSOGS, and that "[p]roof LL220 compliance and payment to workers, Material-, Equipment-suppliers is required prior to final payment" (Creedmoor Subcontract at 1; Manhattan Subcontract at 1; Kingsboro Subcontract at 1). Shmulevich signed these Subcontracts on Anjac's behalf (*id.*).

Plaintiff completed the work contracted for in all Subcontracts, which was accepted by NYSOGS, and Anjac received final payments from NYSOGS on all projects by October 2020 (NYSCEF Doc. No. 48-50). However, Anjac did not pay the full amount billed by Plaintiff (NYSCEF Doc. No. 56, Notice to Admit ¶¶ 1-8, 10, 13-22, 24, 27-34, 36, 39-41; NYSCEF Doc. No. 57, Response to Notice to Admit ¶ 1). The undisputed total outstanding amount due to Plaintiff is $99,000; that is $27,550 under the Manhattan Subcontract, $42,650 under the Creedmoor Subcontract, and $28,800 under the Kingsboro Subcontract (Notice to Admit ¶¶ 3-4, 17-18, 32-33; Response to Notice to Admit ¶ 1; Creedmoor Subcontract at 1; Manhattan Subcontract at 1; Kingsboro Subcontract at 1). In February 2020, Plaintiff filed mechanic's liens due to lack of payment (NYSCEF Doc. No. 51, "Mechanic's Liens"). In April 2020, HIC issued bonds discharging the liens (NYSCEF Doc. No. 52, "Bonds").

In June 2020, Plaintiff initiated this proceeding, interposing causes of action for breach of contract and diversion of trust funds against Anjac and Shmulevich, and for foreclosure of the Mechanic's Liens against the Bonds against Anjac and HIC. In their answer, Defendants interposed three counterclaims: two for breach of contract on behalf of Anjac for failure to keep payroll records and failure to remit funds to material men, and one on behalf of Shmulevich for damages resulting from this action.

Almost three years after this action was commenced, in April 2023, the Commissioner of Labor issued a notice to the Office of State Comptroller ("State Comptroller") informing it that an investigation had been commenced to determine whether wages had been fully paid for the

652543/2020   AWE INCORPORATED vs. ANJAC ENTERPRISES INC. ET AL                    Page 2 of 6
Motion No.  002

2 of 6

Manhattan Psychiatric Center project (NYSCEF Doc. No. 55, "Notice"). The Notice required the State Comptroller to withhold the total amount of $7,258.04, but did not specify what, if any, irregularities in Anjac's or Plaintiff's conduct were investigated (*id.*). There is no evidence that any payment was withheld, since Anjac admits it received full payment for this project.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A cause of action for breach of contract requires a plaintiff to demonstrate "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010], *citing Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 479 [2007]).

Here, it is undisputed that Plaintiff and Anjac were bound by the three subcontracts, and that Plaintiff performed the work thereunder, but did not receive full payment for it. Defendants allege that the reason for non-payment was a concern that payrolls provided by Plaintiff were improper (Berg's Affirmation ¶¶ 8-10, 14), relying on check's made payable to Plaintiff's employees in the sum of zero dollars (NYSCEF Doc. No. 63, Checks), however, "[a] shadowy semblance of an issue [is] insufficient to defeat summary judgment" (*Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016] [internal citation omitted]). Additionally, Plaintiff

652543/2020   AWE INCORPORATED vs. ANJAC ENTERPRISES INC. ET AL          Page 3 of 6
Motion No. 002

3 of 6

submits sworn affidavits from all its employees named in the checks, in which they confirm that they were paid directly by Plaintiff, rather than a payroll company, which resulted in the checks from the payroll company being issued for zero dollars (NYSCEF Doc. No. 54).

Defendants further rely on the Notice from the Commissioner of Labor, but that was issued almost four years after Plaintiff completed the work under the Subcontracts and three years after this action was commenced, and Defendants concede that the State Comptroller has not raised any issue with Anjac regarding Plaintiff's payroll submissions on any of the projects (Notice to Admit ¶¶ 12, 26, 38; Response to Notice to Admit ¶ 1). Accordingly, Plaintiff demonstrates that Anjac breached the Subcontracts by failing to pay the amounts due to Plaintiff and summary judgment is granted as to these causes of action as against Anjac. However, Plaintiff fails to demonstrate the existence of a contract with Shmulevich, therefore, the motion is denied as to the breach of contract causes of action as against him and these causes of action are dismissed.

The motion is granted as to the cause of action for foreclosure of the Mechanic's Liens against the Bonds. To enforce a mechanic's lien against a discharge bond, a party is "required to make a prima facie case the lien was valid, and that it was entitled to the amount asserted" (*KNR Constr., LLC v Epiphany Constr. Servs., Ltd.*, 228 AD3d 511, 511 [1st Dept 2024]). Here, there is no dispute between the parties as to the validity of the Liens before they were discharged by the Bonds or the amount owed by Anjac to Plaintiff. Accordingly, Plaintiff may recover the damages due for breach of contract against the Bonds.

In light of the foregoing, the motion as to the diversion of funds causes of action is moot and these causes of action are dismissed.

As for the counterclaims, the motion for summary judgment is granted. Defendants concede that the State Comptroller "had not raised any claim with Anjac regarding payroll or other

652543/2020   AWE INCORPORATED vs. ANJAC ENTERPRISES INC. ET AL          Page 4 of 6
Motion No.  002

4 of 6

submissions" on any of the projects completed by Plaintiff (Notice to Admit ¶¶ 12, 26, 38; Response to Notice to Admit ¶ 1), justifying dismissal of the first counterclaim, for breach of contract based on alleged payroll deficiencies. Similarly, as Plaintiff furnished proof that it paid its employees (NYSCEF Doc. No. 54) and Defendants failed to raise a triable issue of facts to contradict it, the motion is granted and the second counterclaim for breach of contract is also dismissed. Finally, Shmulevich's counterclaim for damages caused by being sued in this proceeding is also dismissed, as he fails to sufficiently set forth a cause of action.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment is granted as to the first, third, and fifth causes of action for breach of the Manhattan Subcontract, the Creedmoor Subcontract, and the Kingsboro Subcontract against Defendant Anjac and the Clerk is directed to enter judgment in favor of Plaintiff Awe Incorporated and against Defendant Anjac Enterprises Inc. in the amount of $99,000 with statutory interest from February 7, 2020; and it is further

ORDERED that Plaintiff's motion for summary judgment is granted as to the seventh cause of action for the foreclosure of the Mechanic's Liens against the Bonds and Plaintiff shall have the right to enforce the awarded damages against the Bonds; and it is further

ORDERED that Defendant Anjac Enterprises Inc. and/or Defendant Hudson Insurance Company shall pay to Plaintiff Awe Incorporated within 30 days of the service of the copy of this order with the notice of entry, up to but not to exceed the full amount due under the Bonds, to be applied toward the satisfaction of the judgment against Defendant Anjac Enterprises Inc.; and it is further

ORDERED that Plaintiff's motion for summary judgment is granted as to Defendants' counterclaims, and all counterclaims are dismissed; and it is further

652543/2020   AWE INCORPORATED vs. ANJAC ENTERPRISES INC. ET AL
Page 5 of 6
Motion No. 002

5 of 6

ORDERED that Plaintiff's the first, third, and fifth causes of action for breach of contract as against Defendant Gregory Shmulevich are dismissed; and it is further

ORDERED that Plaintiff's second, fourth, and sixth causes of action for diversion of funds as to all Defendants are dismissed.

All other relief sought is denied. This constitutes the Decision and Order of the Court.

| 2/27/2026 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652543/2020 AWE INCORPORATED vs. ANJAC ENTERPRISES INC. ET AL** Page 6 of 6
**Motion No. 002**

[* 6]